UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RESORT PROPERTIES OF AMERICA, INC., | Case No. 2:14-CV-1450 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| WESTGATE RESORTS, INC., et al., | |
| Defendant(s). | |

Presently before the court is a motion to dismiss or alternatively, for a more definite statement, filed by defendants Central Florida Investments, Inc., Westgate Resorts Ltd., and Westgate Resorts, Inc. (hereinafter "defendants" or "Westgate"). (Doc. # 19). Plaintiff Resort Properties of America, Inc. (hereinafter "plaintiff" or "RPA") filed a response, (doc. # 25), and defendants filed a reply, (doc. # 28).

Also before the court is defendants' request for judicial notice. (Doc. # 18).

**I.   Background**

Resort Properties of America, Inc. ("RPA") provides real estate services to clients looking to purchase and sell hotels, casinos, and resorts in Las Vegas, Nevada. (Doc. # 1). David Atwell served as RPA's president until he died in November 2013. (Doc. # 1). Mr. Atwell was a licensed real estate broker. Mr. Atwell's daughter, Heather Atwell, took over as RPA's president when her father died. (Doc. # 1).

In or before September 2011, Westgate contracted with RPA for assistance in acquiring a hotel or resort property in Las Vegas. (Doc. # 1). RPA contacted the owners of several properties in Las Vegas on Westgate's behalf, including the owners of the Las Vegas Hilton ("LVH") property at 3000 Paradise Road, Las Vegas, Nevada. (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

1  Mr. Atwell corresponded periodically with David Siegel of Westgate.  (Doc. # 1).  Mr. Atwell represented Mr. Siegel and Westgate in discussions with potential sellers.  (Doc. # 1). Through the end of 2011 and early 2012, Mr. Atwell communicated with representatives of LVH on Westgate's behalf to pursue a purchase.  (Doc. # 1).  Mr. Atwell and Mr. Siegel also discussed the possibility of alternative properties to purchase, including the Riviera.  (Doc. # 1). In April 2013, RPA became aware that Westgate had reached an agreement to purchase the LVH property.  (Doc. # 1).

In May 2013, Mr. Atwell followed up with Mr. Siegel regarding the commission owed for Westgate's purchase of the LVH property.  (Doc. # 1).   Beginning in December 2013, Heather Atwell communicated with Westgate regarding financing options for Westgate's LVH property purchase and a potential partnership with another of RPA's clients.  (Doc. # 1).

On February 20, 2014, Westgate and RPA entered into a fee agreement in which Westgate promised to pay a 1% commission of the price or valuation of any purchased property. (Doc. # 1).  Soon thereafter, Westgate chose not to pursue RPA's proposed partnership or financing.  In May 2014, Mr. Siegel acknowledged to Heather Atwell that it owed a commission on the LVH purchase.  (Doc. # 1).

On July 2, 2014, Westgate announced its purchase of the LVH property.  (Doc. # 1). RPA contends that the purchase price was $150 million or more.  (Doc. # 1).  Westgate now refuses to pay any commission to RPA.  (Doc. # 1).

Plaintiff filed the instant action in Nevada state court on August 11, 2014, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, and fraud.  (Doc. # 1).  Defendants removed the action on September 8, 2014, on diversity grounds.  (Doc. # 1).

Defendants then filed this motion to dismiss or, alternatively, for a more definite statement.  (Doc. # 19).  Defendants also request that the court take judicial notice of RPA's articles of incorporation, David and Heather Atwell's certificates of real estate licensure, and a letter from a State of Nevada real estate audit investigator.  (Doc. # 18).  The merits of defendant's motion and request for judicial notice will be addressed in turn.

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

### i. *Judicial notice*

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Under Rule 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Rule 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Finally, Rule 201(d) provides that "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

The court may take judicial notice of public records in ruling on a Rule 12(b)(6) motion. *See United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011); *see also Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations and quotation marks omitted) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts noticed are not subject to reasonable dispute.").

### ii. *12(b)(6) dismissal*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

iii.     Rule 9(b)

Allegations of fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . ."). Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

Federal Rule of Civil Procedure 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted).

### III. Discussion

#### i.  *Judicial notice*

Defendants ask the court to take judicial notice of three documents referenced in their motion to dismiss and attached to their request for judicial notice. (Doc. # 18). Defendants include (1) a certified copy of RPA's articles of incorporation filed with the Nevada secretary of state; (2) certified copies of the real estate certificates of licensure of David and Heather Atwell; and (3) a letter from a compliance and audit investigator of Nevada's real estate division's department of business and industry, stating that RPA has never been listed as a real estate company with a broker in the Nevada real estate division. (Doc. # 18).

The court will take judicial notice of defendants' exhibits A and B, but not defendants' exhibit C. (Doc. # 18). Exhibits A and B are certified copies of RPA's articles of incorporation and David and Heather Atwell's certificates of real estate licensure. (Doc. # 18). These are matters of public record, filed with the State of Nevada. The court finds that the existence of these records is not subject to dispute.

By contrast, the court will decline to take judicial notice of defendants' exhibit C. (Doc. # 18). This is not a matter of public record, but simply a letter sent from a State of Nevada employee to one of defendants' attorneys. (Doc. # 18). The evidence is insufficient to support judicial notice of the facts contained in the letter, and these facts may be subject to dispute.

Accordingly, the court will grant defendants' request for judicial notice as to exhibits A and B but not as to exhibit C.

#### ii.  *12(b)(6) dismissal*

Defendants move to dismiss plaintiff's complaint on the grounds that plaintiff "lacks capacity to assert any of the causes of action set forth therein and has otherwise failed to state plausible claims upon which relief may be granted." (Doc. # 19). Defendants cite Nevada

James C. Mahan
U.S. District Judge

- 5 -

1  Revised Statute § 645.270, which provides that a real estate corporation must allege and prove
2  that it was licensed at the time the alleged cause of action arose in order to bring an action for
3  compensation based on brokerage activities.  NRS § 645.270; *see also* NRS § 645.030.

4  Plaintiff alleges that RPA provided brokerage services through a licensed broker, Mr.
5  Atwell.  While plaintiff's complaint alleges that RPA and Westgate contracted for real estate
6  broker services, plaintiff fails to allege that it is a licensed real estate broker.

7  Plaintiff cites conduct occurring in 2011 and 2012 in support of its claim to a
8  commission.  (Doc. # 1).  Defendant states in its motion, and provides evidence through its
9  request for judicial notice, that plaintiff was not incorporated as a legal entity until March 2013,
10  and that it therefore could not enter into a contract with Westgate in 2011.  (Doc. # 19).

11  While plaintiff's complaint includes further allegations that it entered into a fee
12  agreement with Westgate in February 2014, it still fails to allege any facts supporting licensure.
13  Instead, plaintiff alleges that it is owed a commission based on the work of Mr. Atwell, and that
14  he was acting as a licensed real estate broker at the requisite time.  (Doc. # 1).

15  Mr. Atwell is now deceased.  Plaintiff's complaint fails to demonstrate how plaintiff
16  became entitled to Mr. Atwell's commission, nor does it allege any authority to assert any claim
17  on behalf of Mr. Atwell's estate.

18  Based on the foregoing, the court finds that plaintiff's complaint fails to state a plausible
19  claim to relief.  Accordingly, the court will grant defendants' motion to dismiss under Rule
20  12(b)(6).  Plaintiff may refile its complaint if it is able to allege and prove its compliance with
21  Nevada Revised Statute 645.270.

22  In light of the instant ruling, the court will not address the sufficiency of plaintiff's fraud
23  claims under the heightened pleading standard of Rule 9(b).

24  **IV.  Conclusion**

25  Accordingly,

26  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' request
27  for judicial notice be, and the same hereby is, GRANTED in part and DENIED in part, pursuant
28  to the foregoing.

**James C. Mahan**
**U.S. District Judge**

- 6 -

IT IS FURTHER ORDERED that defendants' motion to dismiss or alternatively, motion for a more definite statement, be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint, (doc. # 1), be, and the same hereby is, DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED December 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**